UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michael Rymer,  *Plaintiff*,  v.  Amyn Aladin, et al.  *Defendant-Claimants*. | No. 24 CV 0344  Judge Lindsay C. Jenkins |

MEMORANDUM OPINION AND ORDER

Early on the morning of July 28, 2023, seven people went boating near Oak Street Beach in Chicago. The vessel, being driven by Anthony Stofko, crashed into a break wall. Everyone was thrown overboard; the boat sank. Chicago first responders rescued six of the seven on board, but sadly, Briana Burden drowned (the "Incident"). Three passengers have filed complaints in state court seeking to hold one of the vessel's owners, Michael Rymer, liable for the Incident. Rymer contends the Shipowner's Limitation of Liability Act (the "Limitation Act") governs, which would bar the state court proceedings and limit his maximum liability to $100—the vessel's purported value. Two state-court plaintiffs, Margaret Ayala and Amyn Aladin, have filed motions to dismiss, arguing the Limitation Act is inapplicable to their claims because they allege Rymer was directly negligent for the Incident. The Court agrees. Ayala's and Aladin's claims may proceed in state court.

I. Background

On August 14, 2023, Florina Dodds became the first passenger to file a complaint for injuries allegedly sustained during the Incident. [Dkt. 17-1.] Dodds

1

sued Rymer in the Law Division of Cook County, Illinois. [*Id.*] Rymer, who was not on the boat the night of the Incident, is the only named defendant in Dodds's suit. [*Id.*] Still, Dodds's complaint makes clear she seeks to hold Rymer liable at least in part for the actions of an unnamed agent (Stofko, presumably). [Dkt. 17-1 at 2-3.][1]

Rymer responded to Dodds's complaint by filing this action to exonerate or limit his liability under the Limitations Act on January 12, 2024. [Dkt. 1.] A week later, the Court, as required by admiralty procedural law, issued notice to all potential claimants of this litigation, admonished them to file their claim or contest the complaint by March 30, 2024, and enjoined all state court proceedings. Supplemental Admiralty Rule F(2)-(4); [Dkts. 4-6.]

Notwithstanding the enjoinment, the Special Administrator of Burden's estate, Margaret Ayala, filed a complaint against Rymer in the Cook County Law Division on March 13, 2024. [Dkt. 13-1.] Likewise, passenger Amyn Aladin filed a post-enjoinment claim in Cook County against Rymer and Stofko on March 25, 2024.[2] [Dkt. 10-1.] In both complaints, the sole cause of action alleged against Rymer is that he negligently entrusted the vessel to Stofko.[3]

All three state-court plaintiffs timely filed pleadings here in response to the Court's notice. Dodds filed an answer without submitting a claim, whereas Ayala and

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.
[2] The claimants' decision to file complaints in state court in violation of this Court's order was plainly improper. It defied a directive from this Court and was unnecessary to preserve the claimants' rights. Because the error was harmless, the Court will construe the complaints as what Ayala and Aladin would file if the Limitations Act did not apply.
[3] Each of the three state court cases are pending with different judges in Cook County.

Aladin filed motions to dismiss. [Dkts. 9, 10, 13.] The motions make the same core argument: the Limitations Act is inapplicable to their claims against Rymer because they allege Rymer was directly negligent—he had "privity or knowledge" of—the problem which caused the Incident (i.e., entrusting the vessel to Stofko). [Dkts. 10, 13.] And if the Limitations Act does not apply, then these cases should proceed in state court where plaintiffs can exercise their jury trial right. Because the motions raise the same arguments, the Court will review them together.

## II.  Analysis

The resolution of these motions turns on whether the Limitation Act applies to Ayala's and Aladin's claims. If the Limitations Act applies, then federal courts retain exclusive jurisdiction over the action pursuant to 28 U.S.C. § 1333(1), and any state proceedings must be enjoined. *In re Complaint of McCarthy Bros. Co.*, 83 F.3d 821, 826 (7th Cir. 1996). "But this result is in direct conflict with the 'saving to suitors' clause of 28 U.S.C. § 1333(1), which excepts from the district courts' exclusive jurisdiction over admiralty matters the right of suitors to seek 'all other remedies to which they are otherwise entitled.'" *Id.*

This is a "significant" problem because claimants "lose their right to pursue common-law remedies before a jury when forced into admiralty court under the Limitation Act." *Id.* To resolve this conflict, Courts must determine whether the shipowner has satisfied all statutory prerequisites in the Limitations Act. *Id.* If they have not, then "the claimant's original choice of a state forum will return to the forefront." *Id.* Put simply, if the Limitations Act does not apply, then federal courts

3

relinquish jurisdiction over the claim to state court.[4] With this framework in mind, the Court turns to whether the Limitations Act governs Ayala and Aladin's claims.

The Limitations Act, 46 U.S.C. § 30501 *et seq.*, was enacted in the 1850s "to encourage ship-building and to induce capitalists to invest money in this branch of industry." *Joyce v. Joyce*, 975 F.2d 379, 383-84 (7th Cir. 1992) (quoting *Norwich Co. v. Wright*, 80 U.S. 104, 121 (1871)). The Limitations Act effectuates this purpose by limiting liability for an owner of a vessel to "the value of the vessel and pending freight." 46 U.S.C. § 30523(a). That is, the Limitations Act exempts "innocent shipowners from liability beyond the amount of their interest." *Joyce*, 975 F.2d 379 at 384 (quoting *Norwich Co.*, 80 U.S. 104 at 121).

But a shipowner whose "own fault [or] neglect" causes an injury does not receive the Limitation Act's protection. *Joyce*, 975 F.2d 379 at 384, (quoting *American Car & Foundry Co. v. Brassert*, 289 U.S. 261, 264 (1933)). The Limitations Act codifies this principle by prescribing that the event giving rise to liability must occur "without the privity or knowledge of the owner." 46 U.S.C. § 30523(b). "[P]rivity as used in the statute means some personal participation of the owner in the fault or negligence which caused or contributed to the loss or injury." *Joyce* at 384, (quoting *Coryell v. Phipps*, 317 U.S. 406, 411 (1943)).

---

[4] When this occurs, a federal court is not ruling it no longer has subject matter jurisdiction over the claim. *See id.*, at 827 n.1. Rather, it is an acknowledgment that the claimant's preference for litigating in state court trumps the federal court's authority to adjudicate maritime claims. Accordingly, the Court's analysis is not conducted under Rule 12(b)(1) principles, but rather is limited to the applicability of the Limitations Act. *Id.*

The Seventh Circuit has held that a claim of negligent entrustment—the sole cause of action Ayala and Aladin alleged against Rymer—falls outside the protections of the Limitations Act because the claimant is alleging the shipowner had knowledge of the wrongful conduct. *Joyce*, 975 F.2d 379, at 385 ("if a shipowner knows enough to be liable for negligent entrustment, he knows too much to be eligible for limited liability under the [Limitations] Act… a shipowner can be held liable for negligent entrustment only if he knows or has reason to know that the person being entrusted is incapable of operating the vessel safely.")

In *Joyce*, a claimant injured her back when the boat's driver, Ivkovich, went too fast over a wake. *Id.* at 381. The claimant filed an action in state court against the boat's owner, William, and Ivkovich. She alleged William negligently entrusted the vessel to Ivkovich without ascertaining whether he knew how to drive it, and that Ivkovich negligently drove the boat. *Id.* William responded by filing an action in federal court seeking protection under the Limitation Act. *Id.* at 381-82. The Seventh Circuit affirmed the "clear" conclusion the Limitations Act did not apply to the claimant's claim because:

> If William knew or had reason to know that Ivkovich should not have been entrusted with the boat, he not only committed the tort of negligent entrustment but also had either knowledge or constructive knowledge sufficient to place him beyond the protection of the Limitation of Liability Act. On the other hand, if William did not entrust the boat to Ivkovich under circumstances in which he knew or should have known of Ivkovich's inability, he will incur no liability for negligent entrustment and, consequently, has no need of the [Limitation] Act's protection. In either case, the district court could not do anything to affect either party and was correct to dismiss the suit.

*Id.* at 385.

5

The same logic applies in this case. As in *Joyce*, Ayala and Aladin allege Rymer was directly negligent in entrusting his vessel to Stofko, who has myriad pre-Incident charges related to driving, drugs, and alcohol. [Dkt. 10-1 at 2-5.] Moreover, like the shipowner in *Joyce*, negligent entrustment is the only way Rymer could face liability based on their allegations. [Dkt. 10 at 8; Dkt. 13 at 3-4.] If he loses on the merits of this claim, then the Limitations Act would not protect him; if he wins, he does not need its protections. [*Id.*]

Rymer's attempts to escape *Joyce*'s holding are unavailing. His primary argument is that *Joyce* is distinguishable because this case involves multiple claimants, and the purpose of the Limitations Act is to provide a single forum, a "concursus", for all claims related to an event at sea. [Dkt. 17 at 5-6.] And because one of the "claimants" here, Dodds, seeks to hold Rymer liable for the actions of his agent, all claims stemming from the Incident must remain in federal court. [*Id.*] This argument suffers from two fatal flaws.

The first problem for Rymer is that he assumes without justification that the Limitations Act applies to an event, rather than to individual claims arising from an event. [*Id.* at 6 (arguing that the notion a claimant may escape the Limitations Act regardless of the other claimant's claims "goes against everything Congress designed the Limitation of Liability Act to facilitate.")] While it is true that a shipowner files a limitations action based on a discrete incident, the limitation of liability covers "claims, debts, and liabilities." 46 U.S.C. § 30523(b). And by its express language, the Limitations Act only applies to those claims that occur "without the privity or

6

knowledge of the owner." *Id.* If a claim alleges the incident occurred with the shipowner's privity or knowledge, then the Limitations Act does not apply, and the claim must be adjudicated in state court. *In re McCarthy*, 83 F.3d 821, at 826. As explained in *Joyce*, an isolated claim for negligent entrustment does not fall within the purview of the Limitations Act.

Rymer asks this Court to hold that if one claimant brings a claim that is subject to the Limitations Act, all other claims must be kept in federal court even if the Limitations Act does not cover their claims.[5] [Dkt. 17 at 7.] This interpretation is unsupported by the statute's text, and Rymer does not provide any caselaw that corroborates his position. Rather, Seventh Circuit precedent instructs this Court to analyze each individual claim and its applicability to the Limitations Act; it does not insinuate this analysis changes when there are multiple claimants. *See Joyce*, 975 F.2d 379.

As for the "concursus" the Limitations Act provides, it has already occurred in the Court's view. All potential claimants related to the Incident have responded in a single forum. The fact that the Limitations Act does not apply to two claimants' claims does not undo the statutory protections afforded by the Act.

Even if Rymer's interpretation of the Limitations Act was correct, it would not apply here because Dodds has not properly brought a claim in federal court.[6] Two days before the deadline to file a claim (which has now well passed), Dodds filed an

---

[5] Rymer leaves unanswered the question of whether the Limitation Act's limit of liability would also apply to Ayala and Aladin's claims, even if they occurred with Rymer's "privity or knowledge."

[6] Rymer alerted the Court to this fact twice in his brief. [Dkt. 17 at 1 n.1, 3 n.2.]

7

"answer" to Rymer's complaint. [Dkt. 9.] Like a typical answer, Dodds responded to each of Rymer's allegations, but neither attached her state-court complaint, nor contested this Court's jurisdiction. [*Id.*] This does not a claim make. The First Circuit recently affirmed default judgment against an attempted claimant who proceeded in the same fashion as Dodds, holding that an answer and a claim are distinct, and filing a complaint in state court does not protect a claimant's interests in federal court. *Matter of G&J Fisheries, Inc.*, 67 F.4th 20 (1st Cir. 2023). While the Court need not elaborate further for purposes of this order, suffice to say the legal theories in Dodds's state-court complaint provide no basis to keep Ayala's and Aladin's claims in federal court.

Rymer's other arguments are equally unpersuasive. He raises a shipowner's right to seek a limitation of liability in federal court, [Dkt. 17 at 7-8], but *In re McCarthy* makes clear that when the Limitations Act does not apply, "the federal court lacks the power under the Limitation Act to limit [the shipowner's] liability, and the federal court *must* relinquish exclusive jurisdiction and allow *the claimant* to proceed in state court." *In re McCarthy*, 83 F.3d 821 at 827 (emphases added); *see also American River Transp. Co. v. Ryan*, 579 F.3d 820, 825 (7th Cir. 2009) (a claimant has "the right to pursue her claim in state court if the owner fails to prove its right to limited liability").

Rymer spends parts of his brief, [Dkt. 17 at 7-11], discussing two exceptions to exclusive federal jurisdiction—the "single claimant" and "adequate fund" exceptions. But these exceptions are irrelevant because they only apply when the Limitations Act

8

is in force. *See In re Complaint of RQM, LLC*, 2011 WL 98472, at *2 (N.D. Ill. Jan. 12, 2011) (discussing when a federal court may allow claims to proceed in state court notwithstanding the applicability of the Limitations Act).

The "single claimant" exception occurs when there is only one state court plaintiff. Under such circumstances, the case proceeds in state court but the federal court retains "exclusive jurisdiction over the question of liability limitation." *Id.* The "adequate fund" exception is reserved for situations where the value of the vessel is larger than the combined claimants' claims; the reasoning being the Limitation Act is not required to protect the shipowner because the claims will not exceed the value of the shipowner's interest. *Id.* Both exceptions are efforts to protect the claimants' "savings to suitors" rights when the Limitation Act applies. If the Limitations Act is not applicable, though, there is no need for either exception, so Rymer's discussion of them is unhelpful.

In the context of the above exceptions, Rymer asserts Aladin naming Stofko as a defendant is significant because of potential contribution claims amongst defendants. [Dkt. 17 at 8-10.] Putting aside the issue that these exceptions are only triggered if the Limitations Act applies, the claimant in *Joyce* sued both William (negligent entrusting shipowner) and Ivkovich (negligent boat driver) and the Seventh Circuit did not determine this made the otherwise inapplicable Limitations Act relevant. *Joyce*, 975 F.2d 379, at 381. Because the Limitations Act does not protect Rymer from Ayala or Aladin's claims, it does not matter that Stofko's "plans are

9

unknown." [*Id.* at 9.] Rymer is not subject to the Limitation Act's protections, so any case where the Limitations Act applies is inapposite.[7]

Rymer's final contention is that "unlike *Joyce*, this case presents contested issues as to privity of knowledge" because Stofko was a co-owner of the vessel. [Dkt. 17 at 11-12.] This argument is both factually and legally incorrect. First, the shipowner's knowledge in *Joyce* was contested. *See Joyce*, 975 F.2d 379, at 382 (William's limitation complaint defending against claimant's allegations by stating he had no knowledge Ivkovich was going to drive his boat, and that he did not give permission for Ivkovich to take the boat). From a legal standpoint, *Joyce* teaches the salient inquiry is not whether the shipowner negligently entrusted the vessel in fact, but whether that determination (either positive or negative) eliminates the need for the Limitations Act. *Id.* at 385 (whether William negligently entrusted or not, "the district court could not do anything to affect either party and was correct to dismiss the suit.")

If, as Rymer contends, Stofko is the co-owner of the vessel and substantive Illinois law precludes negligent entrustment actions against a co-owner, [Dkt. 17 at 12], then Rymer has no need for the Limitations Act; he cannot be found liable. Conversely, if Rymer is wrong and he can be found liable for negligent entrustment, then the Limitations Act would not protect him. *Joyce*, 975 F.2d 379, at 385. Either

---

[7] The Court also notes Stofko failed to timely file a claim against Rymer, so he will be precluded from seeking contribution from Rymer regarding the Incident. *Cf. In re Holly Marine Towing*, 270 F.3d 1086, 1088 (7th Cir. 2001) (permitting defendant to seek contribution against co-defendant after defendant timely filed a claim).

10

way, the Limitations Act is irrelevant, and the resolution of this question is the state court's responsibility.

### III. Conclusion

For the reasons stated herein, Ayala and Aladin's motions to dismiss are granted. The Court's order enjoining their state court actions against Rymer is lifted.

Enter: 24 CV 0344
Date: May 21, 2024

_____
Lindsay C. Jenkins
United States District Judge

11